**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Owners Insurance Company, a foreign insurer licensed to do business in the State of Arizona,<br><br>        Plaintiff,<br><br>vs.<br><br>Monte Vista Hotel; an Arizona company; Jim Netteland, an individual; and Danny Lee Rich, and individual,<br><br>        Defendants. | No. CV 09-8095-PCT-MHM<br><br>**ORDER** |

Currently pending before the Court is Defendant Rich's Motion to Dismiss (Dkt.#10), Defendant Monte Vista Hotel's Motion to Compel Discovery (Dkt.#16), and Plaintiff Owners Insurance Company's Motion for Summary Judgment (Dkt.#18). Having reviewed and considered these motions as well as having heard oral argument on these matters, the Court issues the following Order.

**I.    Background**

Plaintiff Owner's Insurance Company ("the Insurance Company") filed this declaratory action, seeking a declaration that it has no duty to defend its insured, Monte Vista Hotel, under its business insurance policy (No. 034625-45370179). (Dkt.#1) Monte Vista Hotel ("the Hotel") claimed coverage after one of its employees, Jim Netteland, allegedly assaulted Danny Lee Rich while acting within the course and scope of his employment by

1 the Hotel. Rich sued both Netteland and the Hotel (under a theories of both vicarious
2 liability and independent negligence) in a lawsuit that is currently pending in Coconino
3 County Superior Court as Rich v. Netteland, No. CV2007-0276. In this action, the Insurance
4 Company seeks a declaration that there is no coverage under its policy for any claims
5 asserted by Rich in the underlying Coconino suit ("the underlying suit").

6 Defendant Rich filed a Motion to Dismiss (Dkt.#10) on the basis of Brillhart abstention, which the Hotel joined (Dkt. #11). In essence, they argued that this Court should exercise its discretion to abstain from hearing this declaratory judgment action (1) because it would require this Court to needlessly determine issues of state law, (2) because Owners is forum shopping by filing this "reactive" declaratory judgment litigation, (3) because this declaratory judgment would be duplicative of the underlying suit in state court and would waste precious judicial resources, (4) because allowing the declaratory action to move forward would result in "piecemeal" litigation, and (5) because the declaratory action is premature. (Dkt.#10)

Plaintiff Owners Insurance Company responded by arguing that the Court should exercise its discretion to retain jurisdiction over this matter because (1) the underlying state tort action is not truly "parallel" to this case because Owners is not a party to the state court action, (2) there will be no duplicative litigation because there is no declaratory judgment action pending in state court at present, (3) Owners was not forum shopping when it filed this complaint (4) discovery has already closed in the state proceeding and would have to be reopened if Owners were joined, and (5) the Hotel waived this argument by filing an answer and asserting its own counterclaim for declaratory relief in this action. (Dkt. #11)

After an in-depth review of the cases cited by both parties, it appears that Defendants are correct, as explained below.

## II. Discussion

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, by its express terms, makes the exercise of federal jurisdiction over declaratory actions discretionary rather than mandatory: "any court of the United States *may* declare the rights and other legal relations of any interested party seeking such declaration." As the Ninth Circuit explained, "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." American National Fire Ins. Co. v. Hungerford, 53 F.3d 1012 (9th Cir. 1995), *overruled on other grounds by* Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1227 (9th Cir. 1998) (explaining that "the Declaratory Judgement Act is 'deliberately cast in terms of permissive, rather than mandatory, authority'") (internal citations omitted).

This important element of discretion was recognized by the United States Supreme Court in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), when it noted that in the declaratory judgment setting, "[District Courts were] under no compulsion to exercise [their] discretion." Id. at 494. The Court further explained that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by state law, between the same parties" and that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Id. at 495. This doctrine later became known as "Brillhart abstention" and was discussed at length in the Ninth Circuit decision, Continental Casualty Co. v. Robsac Indus., 947 F.2d 1367 (9th Cir. 1991), *overruled on other grounds by* Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1227 (9th Cir. 1998).

In Robsac, the Ninth Circuit explained that "when a state court action is pending presenting the same issue of state law as presented in a federal declaratory suit, 'there exists a presumption that the entire suit should be heard in state court.'" Id. at 1370-71 (internal citations omitted). The Robsac Court explained that there were three principal rationales for the Brillhart decision: (1) avoiding having federal courts needlessly determine issues of state

| | |
|---|---|
| 1 | law, (2) discouraging litigants from filing declaratory actions as a means of forum shopping, |
| 2 | and (3) avoiding duplicative litigation. Id. at 1371. Based on these factors, the Ninth Circuit |
| 3 | concluded that "[c]ourts should generally decline to assert jurisdiction in the insurance |
| 4 | coverage and other declaratory relief actions presenting only issues of state law during the |
| 5 | pendency of parallel proceedings in state court." Id. at 1374. |
| 6 | While Robsac was later overruled on other grounds (and District Courts no longer |
| 7 | have a duty to sua sponte justify their decisions to exercise jurisdiction under the Declaratory |
| 8 | Judgment Act when the issue is raised by neither party), the three Brillhart factors mentioned |
| 9 | above continue to guide this Court's discretion about whether to exercise its discretion in any |
| 10 | particular case. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. |
| 11 | 1998) ("The Brillhart factors remain the philosophical touchstone for the district court. The |
| 12 | district court [1] should avoid needless determination of state law issues; [2] it should |
| 13 | discourage litigants from filing declaratory actions as a means of forum shopping, and [3] it |
| 14 | should avoid duplicative litigation."). Similarly, the Ninth Circuit retained its earlier |
| 15 | directive that "[i]f there are parallel state proceedings involving the same issues and parties |
| 16 | pending at the time the federal declaratory action is filed, there is a presumption that the |
| 17 | entire suit should be heard in state court." Id. at 1225. The Ninth Circuit also noted that the |
| 18 | Brillhart factors were not exhaustive, and that courts should also consider (1) "whether the |
| 19 | declaratory action will settle all aspects of the controversy;" (2) "whether the declaratory |
| 20 | action will serve a useful purpose in clarifying the legal relations at issue;" (3) "whether the |
| 21 | declaratory action is being sought merely for the purposes of procedural fencing or to obtain |
| 22 | a 'res judicata' advantage;" (4) "whether the use of a declaratory action will result in |
| 23 | entanglement between the federal and state court systems[;]" (5) "the convenience to the |
| 24 | parties[;]" and (6) "the availability and relative convenience of other remedies." Id. at 1225 |
| 25 | n.5. The Ninth Circuit succinctly summarized Brillhart abstention by stating that "federal |
| 26 | courts should generally decline to entertain reactive declaratory actions." Id. at 1225. |
| 27 | The Court will begin its analysis with the three original Brillhart factors, then proceed |
| 28 | to these most recent six listed in the Dizol decision. |

### A. The Brillhart Factors

#### 1. Avoiding needless determination of state law issues

Here, the main issue presented by the declaratory action is whether the Hotel is covered by the Owners Insurance policy. Insurance coverage is fundamentally a question of state law and "federal courts should 'decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule." Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 798, 799, 8010 (9th Cir. 1995) (reemphasizing the general rule that insurance coverage actions belong in state rather than federal court and stating "the traditional rule that 'states ha[ve] a free hand in regulating the dealings between insurers and their policyholders"), *overruled on other grounds by* Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1227 (9th Cir. 1998).[1]

Thus, this factor weighs against exercising the Court's jurisdiction to hear this case.

#### 2. Discouraging litigants from filing declaratory actions as a means of forum shopping

Owners Insurance argues that it is not forum shopping, and that is not even a party to the underlying state court tort proceeding. However, there is nothing in the record to suggest that Owners could not have presented the same issues it brought to federal court to the state court in a separate proceeding. Thus, this factor also weighs against the Court's exercise of jurisdiction over this matter.

---

[1] Karussos was overruled by the Dizol court for the same reason that Robsac was; a District Court no longer has a duty to sua sponte raise this issue even if the parties do not; however, the analysis relating to the factors, once raised, remains valid.

### 3. Avoiding duplicative litigation

Owners protests that there is no parallel litigation in the state court proceeding because it is not a party to the underlying state tort suit by Rich against the Hotel and Netteland (the Hotel's employee). (Dkt.#12 at 3) It argues that the state tort claim will not answer the coverage questions presented in this declaratory judgment matter such as whether the exclusion applies and whether Owners waived or is estopped from denying coverage as the Hotel alleges. Because the coverage case involves different factual and legal issues, Owners argues that there is simply no "parallel" litigation and the Court should exercise its jurisdiction over this case.

However, Owners never adequately addresses controlling Ninth Circuit precedent cited by Defendants, such as American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012 (9th Cir. 1995), *overruled on other grounds by* Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1227 (9th Cir. 1998),[2] which demonstrates that a declaratory judgment action can be parallel to the underlying tort suit even if there are different legal issues in the two suits.

In Hungerford, the Ninth Circuit vacated the District Court's adjudication of the declaratory action because a *related* (but not identical) state court tort action was then pending. Hungerford at 1019. The Court held that the District Court should not have exercised discretion over the insurer's declaratory judgment case filed in federal court, explaining that while "[i]t is true that in the present case the federal declaratory judgment action does not parallel a state court action arising from the same facts in the sense that different legal issues are presented by the pleadings," the District Court should not have exercised jurisdiction because " the federal action does parallel the state action in the sense that the ultimate legal determination in each depends on the same facts." Thus, in the Brillhart/Robsac context, "parallel proceedings" is read broadly. Hungerford, 53 F.3d at 1017.

---

[2] Hungerford was overruled by the Dizol court for the same reason that Robsac and Karussos were; a District Court no longer has a duty to sua sponte raise this issue even if the parties do not; however, the analysis relating to the factors, once raised, remains valid.

- 6 -

Owners Insurance attempts to argue that the present case is more akin to American Cas. Co. v. Krieger, 181 F.3d 1113, 1118-20 (9th Cir. 1999); however, in that case, the Ninth Circuit held merely that the District Court did not abuse its discretion by exercising jurisdiction over the declaratory judgment case; nowhere in the case did the Ninth Circuit state (or ever imply) that the District Court would have abused its discretion had it chosen to decline to exercise its jurisdiction over the case. Moreover, Krieger appears to be distinguishable because the state court proceeding had already terminated by the time the jurisdictional issues was raised in the federal declaratory action. In the present case, the underlying state suit is still pending. In addition, the Kreiger court had an independent basis for exercising jurisdiction because the defendants had filed various counterclaims, including a claim for bad faith breach of contract. Here, the only counterclaim that has been filed is "mirror image" claim for declaratory relief by the Hotel. (Dkt.#6)

The present case appears very similar to Diamond State Ins. Co. v. Fame Operating Co., 917 F. Supp. 736 (D. Nev. 1996), where the underlying state court litigation involved a single tort claim for assault, and the state court defendants' insurer was not a party to the state action. The Diamond court found that both actions involved common fact issues and held that the two cases were parallel for the purposes of applying the Brillhart/Robsac factors.

Both Diamond and Hungerford noted that common fact issues meant that the two cases were parallel for purposes of Brillhart. At oral argument, Owners Insurance contended that because the intent issues were settled in the underlying suit in state court, the state action could not be considered "parallel" to this declaratory action. However, Defendants Hotel and Rich made no such concession as to the settled nature of the intent issues in the underlying suit at oral argument; moreover, the relevant test is whether the facts at issue overlap, not whether the facts at issue are disputed.

Based on these cases, this factor also weighs against exercising jurisdiction over the declaratory judgment action. To summarize, all of Brillhart factors weigh in favor of abstention.

### B. <u>Dizol</u> Factors

The parties focused principally on the <u>Brillhart</u> factors; thus, the Court's analysis of the <u>Dizol</u> factors will be brief.

#### 1. Whether the declaratory action will settle all aspects of the controversy

Here, a decision about coverage would not settle all aspects of the controversy. Whether the intentional acts exception clause excludes coverage depends at least in part on whether the employee intentionally assaulted Rich, which substantially overlaps the state law tort case. However, even assuming the Court was able to resolve this issue, the damages in the state tort case would remain outstanding. Because of this, if the Court retained jurisdiction over this case, "piecemeal" litigation would result. Thus, this factor also weighs in favor of abstention.

#### 2. Whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue

Neither party appears to have briefed this issue; thus, it weighs neither in favor of nor against abstention.

#### 3. Whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage

Owners Insurance argues that Hotel has waived this argument by filing an answer and asserting its own counterclaim for declaratory relief in this action; however, as Defendants point out, Owners fails to cite any precedent to support its theory of waiver. The fact that Hotel asserted a counterclaim declaratory action of its own does not provide an independent basis for this court's jurisdiction (and thus is dissimilar to the independent breach of contract claim in <u>Kreiger</u>). As such, this factor does not weigh against abstention.

#### 4. Whether the use of a declaratory action will result in entanglement between the federal and state court systems

Retaining jurisdiction over the declaratory judgment action would require the Court to rule on certain aspects of intent that are also at issue in the state tort proceeding, which

raises the spectre of possible inconsistent adjudications. Thus, this factor weighs in favor of abstention.

### 5. The convenience to the parties

Owners argues that discovery would have to be reopened in the State suit; however, Owners could file an independent action in state court that was not dependent on the discovery timetable in the underlying suit; thus, this factor does not weigh against abstention.

### 6. The availability and relative convenience of other remedies

It appears that it would be much more efficient for Owners Insurance to simply file a declaratory action in state court in accordance with the Arizona Declaratory Judgment Act. Thus, this factor weighs in favor of abstention.

## C. Summary

The combination of <u>Brillhart</u> and <u>Dizol</u> factors discussed above cumulatively weigh strongly against this Court's exercise of jurisdiction. It therefore appears most appropriate for this Court to decline to exercise its jurisdiction over this declaratory judgment action. Accordingly, Defendants' Motion to Dismiss is granted.

## III. Pending Motions

Because the Court has granted the motion to dismiss, the summary judgment motion filed by Plaintiff Owners Insurance (Dkt.18) on January 13, 2010 is hereby denied as moot. Similarly, while Monte Vista Hotel's Motion to Compel Discovery (Dkt.#16) appears to be premature according to Federal Rule of Civil Procedure 26(d)(1), the Court will not reach this issue but will simply deny the Motion to Compel as moot.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendant Rich's Motion to Dismiss (Dkt.#10).

**IT IS FURTHER ORDERED** denying as moot Plaintiff Owners Insurance Company's Motion for Summary Judgment (Dkt.#18).

/ / /

**IT IS FURTHER ORDERED** denying as moot Defendant Monte Vista Hotel's Motion to Compel Discovery (Dkt.#16).

**Judgment is entered accordingly.**

DATED this 2nd day of February, 2010.

_____
Mary H. Murguia
United States District Judge