**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OWNERS INSURANCE COMPANY, a foreign insurer licensed to do business in the State of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>MONTE VISTA HOTEL, an Arizona company; JIM NETTELAND, an individual; and DANNY LEE RICH, an individual,<br><br>Defendants. | No. CV 09-8095-PCT-MHM<br><br>**ORDER** |

Currently pending before the Court is Defendant Monte Vista Hotel's ("the Hotel") Motion for Attorney's Fees and Costs pursuant to A.R.S. § 12-341.01(A) and Federal Rule of Civil Procedure Rule 54. (Dkt. #23). After reviewing the motion and memorandum in support, as well as responses and replies thereto, the Court issues the following Order.

**I.     BACKGROUND**

This case initially came before this Court on June 4, 2009 when Plaintiff Owners Insurance Company ("Owners") filed a declaratory judgment action seeking a declaration that it had no duty to defend its insured, the Hotel. (Dkt. #1). The Hotel claimed coverage after one of its employees, Jim Netteland, allegedly assaulted Danny Lee Rich while acting within the course and scope of his employment with the Hotel. Rich sued Netteland and the Hotel

(under theories of both vicarious liability and independent negligence) in a lawsuit that is currently pending in the Coconino County Superior Court as Rich v. Netteland, No. CV2007-0276. In its declaratory action, Owners sought a declaration that there was no coverage under its policy for claims asserted by Rich in the underlying Coconino suit.

On August 7, 2009, Defendant Rich filed a Motion to Dismiss (Dkt. #10) on the basis of Brillhart abstention, which the Hotel joined on August 13, 2009. On February 4, 2010, the court entered an order granting the Motion to Dismiss. (Dkt. #21). In determining whether to exercise jurisdiction over Owner's declaratory action, the court evaluated the three Brillhart factors and the six factors of the Dizol decision. Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942) (discussed at length in Continental Casualty Co. v. Robsac Indus., 947 F.2d 1367 (9th Cir. 1991), *overruled on other grounds by* Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1227 (9th Cir. 1998)). The Court found the combination of the Brillhart and Dizol factors cumulatively weighed against the Court's exercise of jurisdiction and thereby declined to exercise jurisdiction over the declaratory judgment action. (Dkt. #21).

On February 19, 2010, the Hotel filed the instant Motion for Attorney's Fees and Costs pursuant to A.R.S. § 12-341.01(A) and Federal Rule of Civil Procedure 54.2. (Dkt. #23). Owners responded on March 15, 2010 (Dkt. #24) opposing the Hotel's request, arguing that the Hotel was not a "prevailing party"; A.R.S. § 12-341.01(A) does not support an award of attorney's fees; and the amount requested is unreasonable. (Dkt. #24).

## II. DISCUSSION

**A. Motion for Attorney's Fees and Cost Pursuant to Rule 54 of the Federal Rules of Civil Procedure**

The Court will first address the Hotel's Motion for Attorney's Fees and Costs pursuant to Rule 54 of the Federal Rules of Civil Procedure.[1] Under Federal Rule 54(d), the prevailing party in an action may be entitled to attorney's fees and should be allowed costs. FED R. CIV. P. 54(d). The Supreme Court has held that there is a "prevailing party" when there has been a "material alteration of the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). There are two specifically identified judicial outcomes under which a plaintiff may be considered a "prevailing party" for the purpose of awarding attorney's fees: (1) an enforceable judgment on the merits and (2) a court-ordered consent decree. Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002) (citing Buckhannon Bd. & Care Home Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. at 603). In construing this standard, the Ninth Circuit has held that "costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)." Miles v. California, 320 F.3d 986, 988 (9th Cir. 2003). See also Dattner v. Conagra Foods Inc., 458 F.3d 98 (2d Cir. 2006) (defendant who successfully obtains a forum non conveniens dismissal is not a "prevailing party" within the meaning of Rule 54 as forum non conveniens is a non-merits ground for dismissal). However, the Ninth Circuit has affirmed the award of attorney's fees when plaintiff's claims were barred from the district court on the basis of Eleventh Amendment immunity. Miles, 320 F.3d 986. In Miles, defendant was found to be a "prevailing party" as Eleventh Amendment immunity is an affirmative defense, not a dismissal for lack of subject matter jurisdiction, and thereby resulted in a material alteration in the legal relationship of the parties. 320 F.3d at 988-89.

---

[1] The Hotel moves for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54.2. (Dkt. #23). It is unclear whether the Hotel is in fact referencing Federal Rule 54(d)(2) or Local Rule 54.2. The court will assume that the Hotel is moving for Attorney's Fees and Costs under Federal Rule 54(d)(2) as the Hotel indicates in its motion that it moves for Attorney's Fees and Costs pursuant to Rule 54.2 of the "Federal" Rules of Civil Procedure. (Dkt. #23).

The instant case is akin to a dismissal for a lack of subject matter jurisdiction. The Court had original jurisdiction to hear Owner's declaratory judgment action under diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. #21). Upon evaluating the action in light of Brillhart abstention, the Court declined to exercise its jurisdiction over the action and instead favored Owners filing the declaratory action in state court in accordance with the Arizona Declaratory Judgment Act. (Dkt. #21). As the Court merely declined to exercise its jurisdiction over the action rather than bar the action from federal court, the instant case is analogous to a dismissal for lack of subject matter jurisdiction. Consequently, the Court's dismissal of the declaratory judgment action did not materially alter the legal relationship of the parties. In light of these considerations, the Hotel is not a "prevailing party" for the purpose of awarding attorney's fees and costs under Rule 54(d) of the Federal Rules of Civil Procedure. Moreover, even if the Court had found that the Hotel was a prevailing party, the Court would decline to exercise its discretion due to the lack of substantive relief granted to the Hotel in the instant case.

**B. Motion for Attorney's Fees and Cost Pursuant to A.R.S. § 12-341.01(A)**

The Court will next address the Hotel's Motion for Attorney's Fees and Costs pursuant to A.R.S. § 12-341.01(A). A successful party in an action arising out of a contract is eligible for an award of reasonable attorney's fees pursuant to A.R.S. § 12-341.01(A). See Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 544 (1982). "An award of attorney's fees pursuant to this statute is discretionary in nature, and no presumptions arise in favor of the prevailing party." Biltmore Associates, LLC v. Twin City Fire Ins. Co., 2007 WL 496766, at *1 (D. Ariz. 2007) (citing Associated Indem. Corp. v. Warner, 143 Ariz. 567, 569 (1985)). In exercising its discretion, the Court considers the following six factors: (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4)

whether the successful party prevailed with respect to all of the relief sought; (5) whether the legal question presented was novel and whether such claim or defense have previously been adjudicated in this jurisdiction; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. See Associated Indem. Corp., 143 Ariz. at 570.

With respect to the first factor, whether the unsuccessful party's claim or defense was meritorious, because the Court declined to exercise jurisdiction and granted the Hotel's Motion to Dismiss, the Court has never addressed the merits of Owner's claim. As a result, the Court cannot conclude at this time whether Owner's claim was meritorious. Therefore, the first factor weighs in favor of neither party.

Second, although Owners initiated the litigation when it filed its declaratory judgment action, Owners contends that litigation on the matter could have been avoided but for Hotel's failure to contact Owner's counsel and ask if the matter could be resolved in state court instead. (Dkt. #24 at 6). The Hotel does not dispute this claim. In addition, the Hotel joined Defendant Rich's Motion to Dismiss on the basis of Brillhart abstention. The Court ultimately granted the Motion to Dismiss, noting that the cumulative weight of the Brillhart and Dizol factors weighed strongly in favor of the Court's decision to decline to exercise jurisdiction over the declaratory action. (Dkt. #21). As a consequence, the action taken by the Hotel to join Defendant Rich's Motion to Dismiss was superfluous as the result would likely have been the same regardless of whether or not it joined Rich's motion. On balance, the second factor weighs against awarding attorney's fees to the Hotel.

Third, there is no evidence that awarding the Hotel attorney's fees would be an extreme hardship for Owners. Owners is a large, solvent national corporation and admits that it will not sustain extreme hardship if required to pay attorney's fees. (Dkt. #24). Thus, the third factor weighs in favor of awarding attorney's fees to the Hotel.

- 5 -

Fourth, the Hotel prevailed with respect to all of the relief it sought in its Motion to Dismiss. The Court granted the result the Hotel sought when the Court dismissed the action on the basis of <u>Brillhart</u> abstention. Thus, the fourth factor weighs in favor of awarding attorney's fees to the Hotel.

The fifth factor does not weigh in favor of awarding attorney's fees. Owner's claim for declaratory judgment asking the Court to interpret the rights of the parties under an insurance contract is not a unique or novel legal issue. The legal issue has previously been adjudicated in this jurisdiction.

Finally, the Court finds that awarding the Hotel attorney's fee in the relatively minimal amount of $6,578.66 will likely not deter other plaintiffs from litigating tenable claims or defenses for fear of incurring liability for substantial amounts of attorney fees. As a result, the sixth factor weighs in favor of awarding attorney's fees.

After considering each of the relevant factors, the Court finds that the factors are relatively balanced in favor and against awarding attorney's fees to the Hotel. In light of the fact that the Hotel neither addressed nor explained in its motion why any of the factors guiding the Court discretion should weigh in favor of the Court awarding attorney's fees to the Hotel, the Court will decline to exercise its discretion in awarding the Hotel attorney's fees.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendant's Motion for Attorney's Fees. (Dkt. #23).

DATED this 25th day of June, 2010.

_____
Mary H. Murguia
United States District Judge